This is 16-1200, Poly-America v. API Industries. This is 16-1200, Poly-America v. API Industries, Inc. Good morning, Your Honor. I'm Aaron Mauer, here on behalf of Poly-America. With me here at the council table is my partner, Craig Singer, and my colleague, Sanjeev Ladd, is here as well. May it please the Court. The trial court erred in construing the term short seal in Claim 10 to require that the seals narrow the opening of the claimed trash bag. The fundamental problem with the trial court's construction is that the plain language meaning of short seal does not include any requirement regarding the width of the bag opening. Beyond that though, starting with the fact that the title of the patent is reduced opening elastic drawstring bag, looking at everything in the spec, looking at the prosecution history, where you specifically distinguish the prior art on the basis that it did not disclose narrow bag openings, why, looking at the intrinsic record as a whole, as we're required to do, do we not come to the same conclusion the district court came to? Let me take those points individually, Your Honor. First of all, this is a case that's based in disavowal. So there has to be a clear and unmistakable disclaimer, either in the written description or in the prosecution history. And there's not one here. Let me start with the claims. Let's contrast Claim 10 with Claims 1 and 16. Claims 1 and 16 each have expressed limitations requiring a narrowed bag opening. Those limitations are not found in Claim 10. This was found to be compelling evidence of no disavowal in the recent unwired decision that we submitted under Rule 20HA. Also, if we use the construction of short seal that was given for Claim 10 in Claims 1 and Claim 16, you end up with a redundancy with the final limitations in those claims. Furthermore, Claim 13's limitation requiring the bag opening to be less than 100% would be superfluous. When we turn to the specification, the description in the specification is clear. It's directed to more than just bags with a narrowed opening. The specification highlights a number of different important features. Can you go back to what you just said on Claim 13? I didn't understand that. You say that there they say to a width of the bag proper being greater than 94% but less than 100%. Yes, Your Honor. Why is that superfluous? It's the less than 100% part that's superfluous. That's what they say is greater than 94% but less than 100%. If short seals necessarily limited the opening of the bag, as the district court's construction would have, then the less than 100% limitation is not required. They could just say that that claim would be... that it would be between 94% and 100%. You could have a shorter seal that makes it less than 94% but that wouldn't cover that claim. The 94%, I agree, Your Honor, is doing some lifting in Claim 13. It's the less than 100% language that is superfluous. If we were going to the specification... Yes, let me move on to the specification. The specification, in total, is clear that the scope of this invention is greater than just bags. Counsel, why don't you start with the specification by looking at the description of the invention? Absolutely, Your Honor. The use of the language, the present invention. Yes. Let's look at exactly that language, which is at column 3, line 46, under the summary of the invention. It starts, the present invention is directed toward an improved construction of an elastic drawstring trash bag. It doesn't say anything there about a narrowed open. And then it continues in that paragraph to describe features that are common to all of the claims, Claim 10, as well as Claims 1 and 16 and all the claims that depend therefrom. It talks about features such as an elastic drawstring. It talks about bag panels. It talks about helms. And, importantly, it talks about the short seals inseparably joining the elastic drawstrings and the bag panels, which have been folded over into helms. And it distinguishes the prior art. This is now at the bottom of column 3 at line approximately 63 or so. It distinguishes the prior art on that basis, that the prior art doesn't have those inseparable short seals. The first time that the summary of the invention talks about a narrowed bag opening is at the top of the next column, where it talks about, quote, embodiments of the elastic drawstring bag. And it is clear to a person of skilled art that it is talking only about embodiments there, not every embodiment, just certain embodiments. And it's clear because that sentence continues to say that the width is less than 97% of the width of the bag. That is a limitation on the bag opening that is not found in the independent claims. That's only found in the dependent claims. That is talking about certain embodiments, not full embodiments. And, likewise, when you continue into the detailed description of the invention, there are some statements with respect specifically called out to figures 1 and figures 2 about the narrowed opening. But with respect, those statements are talking about an aspect of the present invention. It is the aspect of the present invention that is the embodiments that are claimed in claim 1 and claim 16. It doesn't say all embodiments. There's no language here such as you have in your cases where it says all parts of the present invention. Is there anything in the specification that talks about openings that aren't narrowed?  The portion of the specification that I pointed you to in column 3 where it's talking about the present invention, where it describes all of the aspects. It's not really proving a negative. I mean, if you had an embodiment that had 100% opening, then that would be very clear that it was claiming that as well. That's correct, Your Honor. There is no, I will agree, there's no specific embodiment here.  I mean, it's clear to me I can look at pictures. There are not any pictures that have a non-narrowed opening except the prior art. But is there anything in the language of specification even suggesting that there's something that includes a non-narrow? Or is your argument entirely based upon the broad reading of claim 1 standing alone? I don't think that's a fair proposition. I think the specification, when you read it, talks about a number of different features of the invention. It talks about, as I mentioned, the elastic drawstring, the inseparable seal. Right, right. But we're talking about the short seal. Is there anywhere, whenever it specifically discusses the placement of the short seal, that it doesn't talk about it as extending inward? The only place in the specification it talks about the placement of the short seal is with respect to the embodiments of figures 1 and figure 2, which is a narrowed opening. Well, if you look at column 6, and it's talking about, you're right, it references figure 1 and figure 2, but followed by, it is important to note that one of the characteristics of the present invention is the reduction in the upper width in a typical embodiment. I mean, so you're saying just because they're referring, they're using the term, one of the characteristics of the present invention, that that is limited to the two figures because those are embodiments? I'm missing something. Your Honor, I think that the language at the beginning of that statement, in looking at both figure 1 and figure 2, is important language. It is clear in the specification at column 5, line 48, that figure 1 is just an embodiment. That's true. They are embodiments. So what it says is when you look at the embodiments, it is important to note that one of the characteristics of the present invention, they call it a characteristic of the present invention. They don't say one embodiment of the present invention. They say a characteristic of the present invention, right? I see your point, Your Honor, but with respect, if this specification meant to talk about all embodiments, it would not need the language in looking at both figure 1 and figure 2. It does go to all embodiments. Look at column 4, around line 5. It says the embodiments of the elastic drawstring bag contemplated by the present invention, and then it goes ahead and talks about the narrowing of the top of the different liners. Yes, Your Honor, but here... There is a difference between all the embodiments. But here it's clear that it's not talking about all embodiments because it says less than 97%, and it is clear that there's no limitation on, for instance, claims 1 or claim 16, that the bag width opening be less than 97% of the total length of the bag. It's just talking about an embodiment. I think, Judge, to address your question, what we have here is a patentee who was doing their best under the rules at the time to describe their best mode, what their preferred was, and their preferred embodiment was a combination that had all sorts of different elements. It had panels. It had hems. It had elastic drawstrings. It had central cutouts. It had a preferred embodiment, as claimed 1 and claimed 16, the narrowed opening. That's not all embodiments, and that's clear because claim 10 doesn't have that language. It's not all embodiments? No, Your Honor. Then point to me in the specification where it describes an embodiment that doesn't have a shortened opening. There's not a specific description of an embodiment in the specification for that, but the claims cover embodiments that don't have that. We've got a combination claim where the applicant has taken different combinations of the features, and they have claimed them. Let me move, if I can, to the prosecution history because I think it is clear there. Let's look at the, I would suggest, the July 2012 reply to the office action. It lays it out most clearly. This is at A263 is where it starts, but the arguments are at A267. At A267, the patentee argues several distinctions over the prior article. One of those distinctions, it's true, is the narrowed bag opening, and that's perfectly appropriate because claims 1 and 16 have that limitation. But there are other distinctions argued from the prior art as well. For claim 10 in particular. I'm sorry, you're reading at A267? A267. Chief Judge Pritzker. Claim 10 in particular is distinguished at A267 on the basis of the inseparably welded short seals that join together the bag panels and the elastic drawstring. This is the same thing that was discussed at column 3, line 7 through 28. This is the prior art bonkey reference that is being distinguished here. That's where claim 10 is distinguished. That's how claim 10 is distinguished, not on the basis of the narrowed opening. How do we know that? When we look at the argument about the narrowed opening that API cites in its briefing and that the district court cited in its decision starting at A272, the argument there is quoting directly from the language of claim 1 and claim 16. Language that the relaxed upper opening width is less than the bag proper width, as claimed. And language that the distance between the interior edges of the short seals is less than the distance between the interior edges of the side seals. That's claim 16. There cannot be, I would submit, a clear and unmistakable disclaimer of claim 10, of the scope of claim 10, where this argument is quoting from the language of claims 1 and claim 16 and is clearly directed to those embodiments of the present invention. Likewise, when you look at the examiner interview summary, which was cited, first of all, the examiner interview summary can't be a clear and unmistakable disclaimer because it's the examiner saying it, not the applicant. But the language there maps back directly to what we just looked at in that July 2012 response. It talks about the elastic drawstrings, which were mentioned as a distinction from the prior one. It talks about the inseparably welded, which was a distinction. And it talks about the reduced upper opening. I say I'm in my rebuttal time. Why don't we hear from the other side? Thank you. Good morning, Your Honors. Jack Blumenfeld for the Ampel Lee API, along with Michael Flynn, also from the Morris Nichols firm. I'd like to start by addressing a question that Judge Hughes raised. And what Judge Hughes, I think you asked, was, show me where in the intrinsic record, where in the specification, there are examples of bags that do not have narrowed upper openings, reduced upper openings as a result of the extended short seals. There are only two places in the intrinsic record where there are such bags shown. One of them is Figure 4 of the patent, which is discussed in Column 5. Figure 4 shows one thing. It shows the upper corner, and it shows it not being extended. And what does the patent say about that? It says, this is the prior art. This is at Column 5, starting the paragraph at line 32. It shows here's the prior art upper corners. That's the conventional bag. The width of the short seals are minimized. It's undesirable and unnecessary to provide a short seal any larger than the distance from the edge of the side seal to the other side seal. So they're saying, when you look at Figure 4, which is, I think, what you're asking about, that's the prior art. And then they begin the next paragraph. The inventor begins the next paragraph at line 46 of Column 5. In contrast to a conventional non-elastic drawstring bag, distinguishing Figure 4 says, the short seals 120 of the elastic drawstring bag 100 are widened. So what they're saying at that point, and that's the first of the two. Right, I get all that. I mean, it seems to me that's clear. I assume their response is going to be, this is all referring to the particular embodiment here. It doesn't cover the general claim language. Right. Your Honor, that may be their response. That's not what the spec says, because the spec says repeatedly, present invention. But I think the next point, I was a little surprised to hear them referring to the July 2012 prosecution history, because that's the prosecution history where they told the Patent Office that all of the independent claims, and the independent claims at that time were 1, 10, and 16, just like they are now, that all of the independent claims required a narrowed upper opening and required the short seals to be extended inwardly. And if you start at the beginning, this has to do with the Schneider prior art, which is the second example of a non-narrowed upper opening. And they put a drawing of Schneider in on page A272. They put it in earlier on the first response to the first office action at A230. They show the non-narrowed upper opening. And what do they say? Well, they start at 267, and at the bottom they say, Schneider still fails to disclose a relaxed upper opening width that is less than the bag proper width, because the distance between the Schneider side seals and the Schneider short seals are identical. That's in response to a rejection of all the claims. And if you look above that on the page, he specifically says claims 1 to 16 have been rejected. He calls out claim 10 twice, and he says that. And then when you get to A272, what the applicant says is that the Schneider bag would lack an important claimed element, namely that the relaxed upper opening width is less than the bag proper as claimed. A corollary to this claim limitation is that the distance between the interior edges of the short seals is less than the distance between the interior edges of the side seals. They go through, and again, the middle of that page, they talk about applicants' independent claims, unambiguously define those relative distances. And at the top of 273, thus applying applicants' claim definitions of the terms, the relaxed upper opening width of Schneider is the exact same as the bag proper width, not less than the bag proper width, as required by applicants' independent claims. It doesn't say as required by claim 1, as required by claim 16. It says the independent claims, which include claim 10. And the only reason that we're arguing about claim 10 is because this is the argument that the examiner found persuasive, and that's what he said at A282, that he found this argument persuasive. And later in the prosecution history, again, referred back to this very argument on A346. And he says claims 1 to 16, he's permitting them over section 103 because of that argument. So to come in, make an argument to the patent office that all of the independent claims require the narrowed upper opening, all of the independent claims require the extended short seals, and then to come into litigation and say, there's no express disclaimer, there's no express disavowal, I don't know how you could have more of an express disavowal than telling the patent office, the prior art that doesn't have the narrowed upper opening is different for that reason, is different than all of the applicants' independent claims. And those are the only two places where this issue is addressed directly in the intrinsic record. Now, the issue is addressed indirectly over and over in the record. I suppose it depends what you think about what it means to be an explicit disavowal. I mean, if we take it to extremes, it could mean that it would require a statement that this invention only includes narrowed openings. Right. And that's, I think, that even you would agree that's not necessarily in the claims or the specifications. I get your argument on the prosecution history. No, I think that that's true even of the specification. And I will go through that a little bit and explain why. I think one of the reasons is because once very clearly and in other times in the spec at column six, it does talk about the present invention. And, yes, it comes after a sentence on figures one and figure two. Right, but it does it in a kind of more positive sense rather than an exclusionary sense. Well, yes, is there a statement in the patent that says this? I'm testing really, I probably should be testing it with your friend, but the boundaries of their argument about what explicit really means. I mean, if what they're saying is it has to include an explicit sentence that says this only includes X to be a disavowal, I think that's a pretty extreme reading of our precedent. Well, I think the prosecution history does say that. It doesn't say we exclude the other things other than in column five where it says here's the prior art. In contrast, the invention is widened. So I think you could read that as being an express disavowal of what's in figure four, which is, by the way, identical to the accused devices. But when you look at it, just to follow up on something that Judge Prost said, I mean, what this patent is all about is having a reduced upper opening of the trash bag. The title is reduced opening. When you look at the abstract, it talks about the present invention is directed to improve trash bags. The upper opening is reduced by decreasing the distance between the interior edge of the openings. The reduced upper opening allows the user to pull the bag over the top of the trash receptacle and allowing it to snugly fit. And then in column two, the problem that they're trying to solve is the trash bags falling inside the receptacle or the trash can. And the solution was about having a reduced upper opening and having narrowed short seals. Even when they get to column seven and they talk about the materials you could use, they talk about the reduced distance between the short seals. You can use these materials for that. So there's not a word in the patent about non-extended short seals except referring to the prior art that was distinguished. Those non-extended short seals are distinguished in the prior art and are the basis for the allowance of the patent. And the law from this court is very clear that you can't just look at the words. You have to look at the context of both the specification, the prosecution history, and here I don't think there's any question about that. Unless there are questions, I don't have anything further. Thank you. Thank you, Your Honor. I want to pick up with the prosecution history that Mr. Bloom. What kind of language would you think was sufficient to satisfy our case law on an explicit disclaimer? So the language that has been used in the past has been the present invention is all embodiments of the present invention. I'm talking about the prosecution history. Oh, in the prosecution history, Your Honor, the standard as set forth in the computer docking station case is that there has to be a clear and unambiguous disclaimer of the claim scope. That's a 519F3. So how would that translate to our case? What would they have had to say that they didn't say? If they said with respect to Claim 10, that Claim 10 requires the short seals or that the crux of the invention with respect to Claim 10 is short seals that narrow the bag opening, that would do it. But we don't have that. And it's clear we don't have that because every place that they cite in the prosecution history and that they cited an argument today where they're talking about the narrowed bag opening, it is tied expressly to language that's found in Claims 1 and Claim 16 but not in Claim 10. And, in fact, Mr. Blumenthal points to the – Are you saying that the examiner did not reject Claim 10? No, no. The examiner did reject Claim 10. But Claim 10 was distinguished from the prior art not on the basis of the narrowed bag opening but on the basis of the elastic drawstring and the inseparable welds. The inseparable welds are a very important aspect of this invention which were called out in the specification at Column 2 and Column 3 and in the prosecution history in that July 2012 response as well. But if you look at the examiner's reasons for allowance, this is at page A346 that Mr. Blumenthal referred to, he refers to the applicant's arguments at pages 6 through 14 of the July 2012 amendment. And pages 6 through 14 include, right on page 6, the argument, the distinction that was drawn for Claim 10 based not on the narrowed opening but based on the inseparable weld. But Claim 10 has the language relating to short seals, not just inseparable welding. That's right. But there's no dispute here, Your Honor, that short seals by its plain meaning doesn't say anything about the width. This is a disclaimer. But the court's construction does. The court's construction does based on disavowal. And we're suggesting that that's incorrect because there's no clear and unambiguous statement in the prosecution history. There's no clear and unmistakable disclaimer in the specification of Claim 10. And the best evidence for that is the same thing that this court found compelling in the unwired planet case which we cited, which is look at Claim 10 and compare its limitations regarding the bag opening width, there are none, to the limitations of Claims 1 and 16, on the other hand, which have expressed limitations narrowing the bag width. If the patentee had wanted to define his invention that way, he knew how to do it and could have done it. There's just not a clear disclaimer otherwise. I see my time has expired. Thank you. And we thank both parties. The case is submitted. Thank you.